UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:

KAMRAN LIAQUAT KURANI,

    Debtor.

CASE NO. 22-50579-PWB

CHAPTER 7

### ASCENTIUM CAPITAL LLC'S MOTION FOR AN ORDER AUTHORIZING EXAMINATION OF DEBTOR UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

COMES NOW Ascentium Capital LLC ("Ascentium") and hereby moves this Court for entry of an order under Federal Rule of Bankruptcy Procedure 2004 ("Bankruptcy Rule 2004") authorizing the examination of debtor Kamran Liaquat Kurani ("Debtor"), respectfully showing the Court as follows.

### JURISDICTION

(1)    The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

(2)    Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

(3)    Debtor filed this Chapter 7 bankruptcy case on January 21, 2022 (the "Petition Date").

(4)    Ascentium is a creditor in this case by virtue of a default judgment (the "Judgment") entered in August 2019 against Debtor in the lawsuit captioned *Ascentium Capital LLC v. Kamran L. Kurani, Saima S. Kurani, and Legacy Pizza Properties LLC*, 19SC-0292-B, State Court of Forsyth County, Georgia (the "State Court Contract Action").

**RELIEF REQUESTED**

(5)	Ascentium requests entry of an order (a) authorizing Ascentium to conduct an examination under Bankruptcy Rule 2004 of Debtor on April 29, 2022, at 10:00 AM, at undersigned counsel's law office, located at 3414 Peachtree Road, NE, Suite 1500, Monarch Plaza, Atlanta, Georgia, or at mutually agreeable time, date, and location; (b) directing Debtor to appear at such examination; and (c) directing Debtor to produce the documents listed on the attached **Exhibit 1** on or before April 22, 2022, or at a mutually agreeable date.

**BASIS FOR RELIEF REQUESTED**

(6)	Bankruptcy Rule 2004 provides, in pertinent part, that upon the motion of any party in interest, "the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a).

(7)	The scope of an examination under Bankruptcy Rule 2004 is broad. The examination may relate to any "acts, conduct or property or to the liabilities and financial condition of the debtor, or to any matter which might affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(a).

(8)	The purpose of an examination under Bankruptcy Rule 2004 is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred. *See Cameron v. United States*, 231 U.S. 710, 717 (1914). *See also Akins v. Akins (In re Akins)*, Adv. Proc. No. 13-1024, 2013 WL 6211809, at *1 (Bankr. N.D. Ga. Aug. 14, 2013) (Drake, B.J.) ("The purpose of a Rule 2004 examination is to discover the condition of the estate and the extent and whereabouts of any property, thereby facilitating the recovery of estate assets for the benefit of creditors.").

(9)	To that end, "courts have recognized that Rule 2004 examinations are ... in the nature of fishing expeditions," *In re Kelton*, 389 B.R. 812, 820 (Bankr. S.D. Ga. 2008) (ellipses

in original) (quoting *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002)), with the only limitation being that "the information sought relate[] to 'the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate.'" *In re MMH Auto. Grp., LLC*, 346 B.R. 229, 233 (Bankr. S.D. Fla. 2006) (quoting Fed. R. Bankr. P. 2004(a)).

(10) Moreover, a request for a Bankruptcy Rule 2004 examination may be granted on an ex parte basis. *See, e.g.*, *In re M4 Enters.*, 190 B.R. 471, 473 n.2 (Bankr. N.D. Ga. 1995) ("As most practitioners are aware, courts customarily dispose of [Bankruptcy] Rule 2004 motions on an ex parte basis.").

(11) Here, Ascentium seeks an examination directed at, among other things, information that may affect the administration of this estate, and information related to the acts, conduct, and liabilities of Debtor, and possibly to Debtor's right to a discharge.

**Debtor's Current and Previous Residence; Avoidability of Ascentium's Judgment Lien**

(12) According to Debtor's bankruptcy petition, Schedule A/B, and Statement of Financial Affairs, Debtor (a) claims an ownership interest in 860 Peachtree Street, Unit 703, Atlanta, Georgia (the "860 Peachtree Street Address"), (b) currently resides at the 860 Peachtree Street Address, and (c) has live nowhere else but the 860 Peachtree Street Address for the last three years.[1]

(13) Moreover, Debtor's Statement of Intention states that Debtor intends to avoid Ascentium's judgment lien as to the 860 Peachtree Street Address.[2]

---

[1] *See* Doc. 1 at 2, 10, 45.

[2] *See* Doc. 1 at 52.

(14) Ascentium has reason to believe, however, that Debtor does not currently reside at the 860 Peachtree Street Address, Debtor has not lived at the 860 Peachtree Street Address for the last three years, and/or the 860 Peachtree Street Address does not otherwise qualify for an exemption that would render Ascentium's judgment lien avoidable.

(15) In the three years between the filing of the State Court Contract Action and the Petition Date, Ascentium has diligently attempted to locate Debtor to serve him various pleadings, post-judgment discovery, and contempt orders.

(16) Among Ascentium's diligent efforts include numerous attempts to personally serve Debtor at the 860 Peachtree Street Address, beginning in April 2019 and most recently in August 2021.

(17) In April 2019, Ascentium attempted to personally serve process on Debtor at the 860 Peachtree Street Address six times, to no avail, as no one answered the door.[3]

(18) On August 18, 2021, Ascentium attempted to personally serve Debtor with an Order of Contempt at the 860 Peachtree Street Address, again to no avail. An individual identifying himself as Randy answered the door. Randy informed Ascentium's process server that he (a) rents the 860 Peachtree Street Address from Debtor and (b) did not know Debtor's whereabouts.

(19) Ascentium attempted to serve additional documents at the 860 Peachtree Street Address on August 29, 2021, and the same individual answered the door.

(20) On the rare occasions Ascentium has been able to serve Debtor over the last three years, Debtor was located *not* at the 860 Peachtree Street Address, but rather at 1215 Chelsea Circle NW, Atlanta, Georgia (the "Chelsea Circle Address").

---

[3] Ascentium's inability to locate Debtor at the 860 Peachtree Street Address (or anywhere else) resulted in entry of an order in the State Court Contract Action authorizing service on Debtor by publication.

(21)   In March 2021, Saima Kurani—a codefendant in the State Court Contract Action, a codebtor as to the Judgment, and Debtor's ex-spouse—confirmed with Ascentium counsel that Debtor resided at the Chelsea Circle Address, and resided there with Adrian Szakallas, whom Ms. Kurani identified as Debtor's fiancé. This is consistent with Debtor's and Ms. Kurani's Final Judgment and Decree of Divorce entered in October 2020, in which the trial court found as follows: "The evidence at trial indicates that Kamran Kurani will be living with his paramour with no expected rent obligation or household bill obligations."

(22)   Ascentium thereafter attempted to serve an order on Debtor at the Chelsea Circle Address by Federal Express delivery. The order was delivered on April 2, 2021, and signed for by Debtor.

(23)   On July 8, 2021, Ascentium attempted to personally serve a show-cause order on Debtor atthe Chelsea Circle Address. An individual identifying herself as Debtor's wife accepted service for Debtor.

(24)   Between July 29 and August 16, 2021, Ascentium atte mpted to personally serve an Order of Contempt on Debtor atthe Chelsea Circle Address. No one answered the door during these various attempts, but Ascentium's process server observed a package at the door addressed to Kamran Kurani.

(25)   At Debtor's § 341 Meeting of Creditors held on March 1, 2022, Ascentium's counsel questioned Debtor regarding his whereabouts, both currently and over the last three years. Debtor gave sworn responses stating:

- that Debtor currently and over the last three years has resided at the 860 Peachtree Street Address;
- that Debtor had "no idea" of Ascentium's numerous attempts to serve him at the 860 Peachtree Street Address;

- that no individual named Randy (or anyone else) ever rented the 860 Peachtree Street Address from Debtor or otherwise resided at the 860 Peachtree Street Address;

- that he never signed for a Federal Express delivery at the Chelsea Circle Address; and that he never resided at the Chelsea Circle Address.

(26)　The issue of Debtor's current and previous residence relates to the administration of this case because it, among other things, may determine whether and to what extent Debtor may avoid Ascentium's judgment lien.

(27)　This issue also relates to Debtor's right to a discharge because it may determine whether Debtor has made one or more false oaths for purposes of 11 U.S.C. § 727(a)(4)(A).

WHEREFORE, Ascentium requests entry of an order (a) authorizing Ascentium to conduct an examination under Bankruptcy Rule 2004 of Debtor on April 29, 2022, at 10:00 AM, at undersigned counsel's law office, located at 3414 Peachtree Road, NE, Suite 1500, Monarch Plaza, Atlanta, Georgia, or at mutually agreeable time, date, and location; (b) directing Debtor to appear at such examination; (c) directing Debtor to produce the documents listed on the attached Exhibit 1 to Ascentium's counsel or before April 22, 2022, or on a mutually agreeable date; and (d) granting any other relief the Court finds reasonable or proper.

Submitted by:

*/s/ Tim Colletti*
Tim Colletti
Georgia Bar No. 972791
tcolletti@bakerdonelson.com
Kevin A. Stine
Georgia Bar No. 682588
kstine@bakerdonelson.com
BAKER, DONELSON, BEARMAN,

CALDWELL & BERKOWITZ, P.C.
Suite 1500, Monarch Plaza
3414 Peachtree Road, N.E.
Atlanta, Georgia 30326
Tel: (404) 477-6000
Fax: (404) 221-6501

*Counsel for Ascentium Capital LLC*

# EXHIBIT 1

## Definitions

*"Documents"* refers to any original or copy (whether carbon, photographic, electronic, or digital) in your possession, custody, or control of any agreements, contracts, applications, bank records or statements, checks, communications (internal or external), internet postings or messages on social media, memoranda or minutes of meetings or conversations (personal or telephonic), reports, summaries, notes, legal documents, recordings, audiotapes, video tapes, electronic recordings, and writings of every description.

*"Communications"* refers to any and all written, electronic, and digital communications including, without limitation, written correspondence, e-mails, text messages, WhatsApp messages, Facebook messages, Snap Chat messages, Signal messages, Instagram messages, Twitter messages, and/or messages using any other digital communication platform.

*"Relate to"* and *"relating to"* means, without limitation, in any way constituting, mentioning, referring to, describing, summarizing, evidencing, listing, indicating, relevant to, demonstrating, tending to prove or disprove, containing, reflecting, concerning, relating to, analyzing, explaining, or in any way logically or factually connected with the matter discussed.

## Requests for Production

- Please produce documents and communications showing that you continuously resided at 860 Peachtree Street, Unit 703, Atlanta, Georgia, in the three years before you filed this bankruptcy case.

- Please produce records from any account(s) you have with Amazon, DoorDash, Uber Eats, and/or GrubHub showing the address(es) at which you received deliveries during the years 2019, 2020, and 2021.

- Please produce all documents and communications relating to any employment agreement or any other contract between you and Bmark Consulting LLC.

- Please produce all documents and communications relating to any compensation, (including salary, bonuses, gifts, gratuities, or fringe benefits of whatever kind or nature) paid to you by Bmark Consulting LLC.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE:

KAMRAN LIAQUAT KURANI,   CASE NO. 22-50579-PWB

      Debtor.   CHAPTER 7

**CERTIFICATE OF SERVICE**

      This is to certify that I have on this day electronically filed the foregoing Motion using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Michael R. Rethinger
Law Offices of Michael R. Rethinger, LLC
1392 McLendon Avenue NE
Atlanta, GA 30307
michael@rethingerlaw.com
*Debtors' Counsel*

Office of the U.S. Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303
Ustpregion21.at.ecf@usdoj.gov

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555, 2964 Peachtree Road
Atlanta, GA 30305
ghays@haysconsulting.net
*Chapter 7 Trustee*

      I further certify that on this day I caused a copy of this document to be served via U.S. First Class Mail, with adequate postage prepaid, on the following parties:

Kamran Liaquat Kurani
860 Peachtree Street NE, Ste 703
Atlanta, GA 30308

                                          /*s*/ *Tim Colletti*
                                          Tim Colletti
                                          Georgia Bar No. 972791