**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | |
| KAMRAN LIAQUAT KURANI, | CASE NO. 22-50579-PWB |
| Debtor. | CHAPTER 7 |

**ASCENTIUM CAPITAL LLC'S MOTION FOR AN ORDER AUTHORIZING EXAMINATION UNDER BANKRUPTCY RULE 2004 OF NONDEBTOR ADRIAN SZAKALLAS**

COMES NOW Ascentium Capital LLC ("Ascentium") and hereby moves this Court for entry of an order under Federal Rule of Bankruptcy Procedure 2004 ("Bankruptcy Rule 2004") (1) authorizing the examination of non-debtor Adrian Szakallas and (2) authorizing Ascentium's counsel to issue a subpoena to compel the Szakallas to appear for examination under oath and produce documents for Ascentium's review. In support hereof, Ascentium shows this Court the following:

**JURISDICTION**

(1)     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

(2)     Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

(3)     Debtor filed this Chapter 7 bankruptcy case on January 21, 2022 (the "Petition Date").

(4)     Ascentium is a creditor in this case by virtue of a default judgment (the "Judgment") entered in August 2019 against Debtor in the lawsuit captioned *Ascentium Capital LLC v. Kamran*

1

*L. Kurani, Saima S. Kurani, and Legacy Pizza Properties LLC*, 19SC-0292-B, State Court of Forsyth County, Georgia (the "State Court Contract Action").

## RELIEF REQUESTED

(5) Ascentium requests entry of an order (a) authorizing Ascentium to conduct an examination under Bankruptcy Rule 2004 of Adrian Szakallas at a mutually agreeable date, time, and place or upon subpoena; (b) authorizing Ascentium's counsel to issue a subpoena under Bankruptcy Rules 2004(c) and 9016 and Federal Rule of Civil Procedure 45 to compel Szakallas to appear for examination and to produce designated documents for Ascentium's review.

## BASIS FOR RELIEF REQUESTED

(6) Bankruptcy Rule 2004 provides, in pertinent part, that upon the motion of any party in interest, "the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a).

(7) Under Rule 2004(c), "[t]he attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial."

(8) Bankruptcy Rule 9016 states, "Rule 45 F.R.Civ.P. applies in cases under the Code." Federal Rule of Civil Procedure 45, in turn, prescribes the processes and procedures for the issuance of subpoenas to compel the production of documents and attendance at a deposition or hearing. E.g., In re Marathe, 459 B.R. 850, 857 (Bankr. M.D. Fla. 2011 ("Rule 45 governs the issuance and service of subpoenas in proceedings in Courts of the United States.).

(9) The scope of an examination under Bankruptcy Rule 2004 is broad. The examination may relate to any "acts, conduct or property or to the liabilities and financial condition

2

of the debtor, or to any matter which might affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(a).

(10) The purpose of an examination under Bankruptcy Rule 2004 is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred. *See Cameron v. United States*, 231 U.S. 710, 717 (1914). *See also Akins v. Akins (In re Akins)*, Adv. Proc. No. 13-1024, 2013 WL 6211809, at *1 (Bankr. N.D. Ga. Aug. 14, 2013) (Drake, B.J.) ("The purpose of a Rule 2004 examination is to discover the condition of the estate and the extent and whereabouts of any property, thereby facilitating the recovery of estate assets for the benefit of creditors.").

(11) To that end, "courts have recognized that Rule 2004 examinations are ... in the nature of fishing expeditions," *In re Kelton*, 389 B.R. 812, 820 (Bankr. S.D. Ga. 2008) (ellipses in original) (quoting *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002)), with the only limitation being that "the information sought relate[] to 'the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate.'" *In re MMH Auto. Grp., LLC*, 346 B.R. 229, 233 (Bankr. S.D. Fla. 2006) (quoting Fed. R. Bankr. P. 2004(a)).

(12) Moreover, Rule 2004 broadly allows an examination of "creditors and third parties who have had dealings with the debtor." *In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985); *see also In re Johns-Manville Corp.*, 42 B.R. 362, 364 (S.D.N.Y. 1984) ("the inquiry may 'cut a broad swath through the debtor's affairs, those associated with him, and those who might have had business dealings with him.'") (citation omitted).

(13) A request for a Bankruptcy Rule 2004 examination may be granted on an ex parte basis. *See, e.g.*, *In re M4 Enters.*, 190 B.R. 471, 473 n.2 (Bankr. N.D. Ga. 1995) ("As most

3

practitioners are aware, courts customarily dispose of [Bankruptcy] Rule 2004 motions on an ex parte basis.").

(14) Here, Ascentium seeks an examination directed at, among other things, Szakallas's dealings with Debtor, information that may affect the administration of this estate, and information related to the acts, conduct, and liabilities of Debtor, and possibly to Debtor's right to a discharge.

(15) An examination of Szakallas is appropriate for the following reasons, among others:

- An examination of Szakallas will yield information relevant to the issues identified in Ascentium's Motion for an Order Under Bankruptcy Rule 2004 Authorizing the Examination of Debtor [Doc. 16] ("Motion to Examine Debtor"), such as information concerning Debtor's residence (both current and over the last three years) and the avoidability of Ascentium's judgment lien that encumbers 860 Peachtree Street, Unit 703, Atlanta, Georgia (the "860 Peachtree Street Address"). This is because, as set forth in the Motion to Examine Debtor, Ascentium has reason to believe that (a) Debtor currently and/or in the previous three years has resided with Szakallas and (b) Szakallas is or recently was Debtor's fiancé or spouse.

- Szakallas holds by far the largest general unsecured claim against Debtor, according to Debtor's schedules. Szakallas holds a general unsecured claim of $292,744.04—or 42% of Debtor's total general unsecured debt. *See* Doc. 11 at 3 (listing a $292,744.04 nonpriority unsecured claim held by Szakallas); 26 (showing total nonpriority unsecured claims of $696,523.04).

- Szakallas was the previous owner of the 860 Peachtree Street Address until she sold it to Debtor in June 2018 for the amount of $310,000. Debtor financed the purchase with a loan from Regions Bank in the amount of $294,500 and granted Regions Bank a security deed as security.

- Kurani's Schedule I states that he is employed by Bmark Consulting LLC. Debtor admitted at his Meeting of Creditors held on March 1, 2022, that Bmark Consulting is owned by Szakallas.

- Debtor's Final Judgment and Decree of Divorce entered in October 2020 (regarding Debtor's previous marriage to Saima Kurani) indicates the estate may hold a claim against Szakallas. The trial court found as follows: "The Court does find that Kamran Kurani's paramour appropriated $90,000 through the sale of a condominium. This $90,000 constituted marital funds."

`

(16) In short, even disregarding Szakallas's obvious relevance to the issues identified in the Motion to Examine Debtor, Szakallas has a nearly ubiquitous relevance to this case by virtue over her nearly ubiquitous influence over Debtor's assets, liabilities, and income. Szakallas is at once (a) Debtor's largest general unsecured creditor, (b) the source of Debtor's only real estate asset and the ultimate beneficiary of Debtor's secured loan with Regions Bank, (c) Debtor's boss and sole source of income, and (d) a potential source of recovery for the estate.

**WHEREFORE,** Ascentium requests that the Court grant this motion and enter an order (i) authorizing Ascentium to examine the Szakallas pursuant to Federal Rule of Bankruptcy Procedure 2004(a) at a mutually agreeable date, time, and place or upon subpoena, (ii) authorizing Ascentium's counsel to issue a subpoena under Bankruptcy Rules 2004(c) and 9016 and Federal Rule of Civil Procedure 45 to compel Szakallas to appear for such examination and produce designated documents for Ascentium's review, and (iii) granting Ascentium such other and further relief the Court deems just and appropriate.

Submitted by:

*/s/ Tim Colletti*
Tim Colletti
Georgia Bar No. 972791
tcolletti@bakerdonelson.com
Kevin A. Stine
Georgia Bar No. 682588
kstine@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Suite 1500, Monarch Plaza
3414 Peachtree Road, N.E.
Atlanta, Georgia 30326
Tel: (404) 477-6000
Fax: (404) 221-6501

*Counsel for Ascentium Capital LLC*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE:

KAMRAN LIAQUAT KURANI,                    CASE NO. 22-50579-PWB

    Debtor.                                    CHAPTER 7

## CERTIFICATE OF SERVICE

    This is to certify that I have on this day electronically filed the foregoing Motion using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

    Michael R. Rethinger
    Law Offices of Michael R. Rethinger, LLC
    1392 McLendon Avenue NE
    Atlanta, GA 30307
    michael@rethingerlaw.com
    *Debtors' Counsel*

    Office of the U.S. Trustee
    362 Richard Russell Building
    75 Ted Turner Drive, SW
    Atlanta, GA 30303
    Ustpregion21.at.ecf@usdoj.gov

    S. Gregory Hays
    Hays Financial Consulting, LLC
    Suite 555
    2964 Peachtree Road
    Atlanta, GA 30305
    ghays@haysconsulting.net
    *Chapter 7 Trustee*

    I further certify that on this day I caused a copy of this document to be served via U.S. First Class Mail, with adequate postage prepaid, on the following parties:

    Kamran Liaquat Kurani
    860 Peachtree Street NE
    Suite 703
    Atlanta, GA 30308

Adrian Szakallas
925 B Peachtree Street
Atlanta, GA 30309

                                                  /*s*/ *Tim Colletti*
                                                  Tim Colletti
                                                  Georgia Bar No. 972791