# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| KAMRAN LIAQUAT KURANI, | ) | |
|     Debtor. | ) | CASE NO: 22-50579-PWB |
| -------------------------------- | ) | ----------------------------------- |
| ASCENTIUM CAPITAL, LLC, | ) | |
|     Movant, | ) | |
| vs. | ) | CONTESTED MATTER |
| KAMRAN LIAQUAT KURANI, | ) | |
|     Respondent. | ) | |

## RESPONSE TO MOTION TO EXTEND DEADLINE TO FILE A COMPLAINT OBJECTING TO DISCHARGE OR TO DETERMINE DISCHARGEABILITY

COMES NOW Kamran Liaquat Kurani ("Debtor") and hereby moves the Court pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 4004(b)(1) and 4007(c) for the denial of an entry of an order extending the deadlines set by Bankruptcy Rules 4004(a) and 4007(c) for the filing of a complaint objecting to discharge or to the dischargeability of a debt pursuant to 11 U.S.C. § 523 or 11 U.S.C. § 727.

### JURISDICTION

(1) The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I), (J), and (O). = ADMITTED

(2) Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. = ADMITTED

### BACKGROUND

(3) Debtor filed this Chapter 7 bankruptcy case on January 21, 2022. = ADMITTED

(4) Ascentium is a creditor and party-in-interest in this bankruptcy case, as more fully set forth in Ascentium's Motion for an Order Authorizing Examination of Debtor Under Federal

Rule of Bankruptcy Procedure 2004 [Doc. 16]. = ADMITTED

(5) Ascentium's original deadline to file a complaint objecting to discharge under 11 U.S.C. 727(a) or a complaint to determine dischargeability under 11 U.S.C. § 523(a) was Monday, May 2, 2022. = ADMITTED

(6) On March 31, 2022, Ascentium filed motions to examine Debtor and nondebtor Adrian Szakallas pursuant to Bankruptcy Rule 2004. See Docs. 16, 17. = ADMITTED

(7) The Court granted these motions on April 4, 2022. See Docs. 19, 20. = ADMITTED

(8) Ascentium previously requested an extension of the original May 2 deadline, so that Ascentium had sufficient time to both conduct its examinations and assess whether to file a complaint under 11 U.S.C. § 727(a) or § 523(a). See Doc. 18. = ADMITTED

(9) Pursuant to the Consent Order entered April 21, 2022 [Doc. 21], the May 2 deadline was extended to July 1, 2022, = ADMITTED

## RELIEF REQUESTED AND BASIS FOR THE SAME

(10) Ascentium requests a 90-day extension of the July 1 deadline through and including Thursday, September 29, 2022. = Debtor contends that Ascentium has had ample time to review the relevant documents for the business loan for which the Debtor was a personal guarantor in this case and in the Chapter 11 cases filed by business which were pending for 3 years prior to the filing of the instant case (Chapter 11 Case Number 19-40195-BEM Legacy Pizza, LLC and Legacy Pizza Alabama, LLC, which were pending from January 29, 2019 until January 25, 2022).

(11) Federal Rules of Bankruptcy Procedure 4004(b)(1) and Rule 4007(c) authorize the Court to extend the time in which to file a complaint under 11 U.S.C. § 727(a) or § 523(a) for cause, on a motion filed before the time has expired. Fed. R. Bankr. P. 4004(b)(1) ("On motion

of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. …[T]he motion shall be filed before the time has expired."); 4007(c) ("On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired."). = ADMITTED

(12) This motion is timely because it is filed before the current July 1 deadline. = ADMITTED

**Ascentium's Examination of Debtor was Postponed for 7 Weeks to Accommodate Debtor**

(13) The Court authorized an examination of Debtor to be conducted April 29, 2022, or on a mutually agreeable date. See Doc. 19. = ADMITTED

(14) The examination scheduled for April 29, 2022, was rescheduled to June 3, 2022,[2] as an accommodation to Debtor, at Debtor's request. = ADMITTED

(15) The examination scheduled for June 3, 2022, was rescheduled to June 17, 2022,[3] also as an accommodation to Debtor, at Debtor's request. = ADMITTED

(16) The examination of Debtor went forward on June 17, 2022, at 10:00 AM—fourteen days before the current July 1 deadline. = ADMITTED

(17) Ascentium has had insufficient time to assess whether to file a complaint under 11 U.S.C. § 727(a) or § 523(a). Ascentium does not yet even have the transcript from the examination. = Debtor contends that Ascentium has had an opportunity to ask the Debtor any follow up questions.

(18) Ascentium should not be prejudiced for accommodating Debtor's schedule and agreeing to conduct its examination on June 17, seven weeks after the date the examination was first scheduled to occur. = The Debtor was unable to attend the originally scheduled 2004 Exams

as he was in Florida caring for his mother who is undergoing cancer treatments (and was dealing with COVID-19) and was unable to attend in person as was the preference for Ascentium. Debtor volunteered to attend via Zoom and the Debtor should not be penalized for Ascentium's preference for an in-person 2004 Exam.

### Ascentium Has Been Unable to Locate Szakallas, and Debtor Either Will Not or Cannot Provide an Address

(19) The Court authorized Ascentium to issue a subpoena to compel Szakallas to appear for examination and to produce documents. See Doc. 20. = ADMITTED

(20) Adrian Szakallas is, among other things, (a) the mother of one of Debtor's children, (b) the holder of by far the largest general unsecured claim against Debtor, according to Debtor's schedules, and (c) Debtor's employer, through her company Bmark Consulting LLC,

according to Debtor's Schedule I. = Debtor admits that Adrian Szakallas is, among other things, (a) the mother of one of Debtor's children, (b) the holder of by far the largest general unsecured claim against Debtor, according to Debtor's schedules, however the Debtor only worked for her company for a brief period of time and has not worked there since the filing of the instant case.

(21) Ascentium wants to examine Szakallas for the various reasons set forth in its motion to examine Szakallas. = Debtor has insufficient information to form a belief as to this statement.

(22) In Debtor's bankruptcy schedules, Szakallas' address is listed as 925 B Peachtree Street #2166, Atlanta, Georgia 30309. = ADMITTED

(23) This address is a box at a UPS Store. = ADMITTED

(24) Counsel for Ascentium is not inclined to serve a third-party subpoena by mailing

it to an unconfirmed address located in a UPS Store. = Debtor has insufficient information to form a belief as to this statement.

(25) Ascentium's counsel has asked Debtor to provide a physical address for Szakallas, to no avail. = Debtor provided the address for Szakallas that he has and provided his telephone at the 2004 Exam to confirm this information.

(26) Ascentium's counsel initially requested this information on April 19, 2022, made follow-up requests on April 21, May 3, and May 4, and then requested this information again at Debtor's examination on June 17. = ADMITTED

(27) Debtor asserts he does not know Szakallas' whereabouts. Debtor has indicated she may currently be somewhere in Ohio. = Debtor provided the information that he has regarding Szakallas and that she has family throughout Ohio.

(28) Debtor has also indicated that Szakallas is aware of Ascentium's intent to examine her, but is so upset at being drawn into this bankruptcy case that she is alienating Debtor from his son. = ADMITTED

(29) At this point, it is unclear whether Debtor and Szakallas are actively concealing Szakallas' whereabouts or are merely passively stonewalling Ascentium. = The debtor and Szakallas have never been married and as stated in the deposition, are no longer in a relationship, the Debtor has provided the information that he has.

(30) Before filing this motion, Ascentium's counsel asked if Debtor would consent to an extension of the deadline to file a complaint under 11 U.S.C. § 727(a) or § 523(a).= ADMITTED

(31) Debtor would not consent to an extension. = ADMITTED

**Cause Exists for the Requested Extension**

(32) Ascentium submits that the extension is warranted because (a) at Debtor's request, and solely to accommodate Debtor, Ascentium did not examine Debtor until June 17, and (b) due to either active concealment or passive stonewalling, Ascentium has yet to locate Szakallas to serve a subpoena for her examination. = The Debtor made every effort to work with Ascentium in the instant case by traveling back to Atlanta from Florida where he is caring for his sick mother to sit for an in person 2004 Exam as was Ascentium's preference.  The Debtor has provided extensive business and personal information throughout the instant case and the Chapter 11 cases for his business.  Ascentium has all debtor's business and personal account statements from 2014-2019 (forensically audited during divorce and also used for Chapter 11) and 2020-2022 since the chapter 7 was filed and have had ample time to review documents.  The Debtor has provided all the information he has with the estranged mother of his child.

WHEREFORE, Debtor respectfully requests that the Court enter an order denying Ascentium's deadline to file a complaint pursuant to 11 U.S.C. § 523(a) or 11 U.S.C. § 727(a) by 90 days, through and including Thursday, September 19, 2022, and that the Court grant any other relief the Court finds just and proper under the circumstances.

Dated this the 20th day of July, 2021          By:

/s/ Michael R. Rethinger
Michael R. Rethinger
Georgia Bar Number 301215
Law Offices of Michael R. Rethinger, LLC
1392 McLendon Avenue NE
Atlanta, GA 30307
michael@rethingerlaw.com
Tel: (770) 922-0066
Fax: (866) 656-4321
Counsel for Kamran Liaquat Kurani

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| **KAMRAN LIAQUAT KURANI,** | ) | |
| Debtor. | ) | **CASE NO: 22-50579-PWB** |

**CERTIFICATE OF SERVICE**

    I hereby certify that on the **20th** day of **July, 2022**, I electronically filed the foregoing ***RESPONSE TO MOTION TO EXTEND DEADLINE TO FILE A COMPLAINT OBJECTING TO DISCHARGE OR TO DETERMINE DISCHARGEABILITY*** with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the parties or attorneys of record. I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients not participating in the CM/ECF system as follows:

Ascentium Capital LLC
c/o Tim Colletti / Kevin A. Stine
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
Suite 1500, Monarch Plaza
3414 Peachtree Road, N.E.
Atlanta, Georgia 30326

Kamran Liaquat Kurani
860 Peachtree Street NE, Suite 703
Atlanta, GA 30308

S. Gregory Hays, Chapter 7 Trustee
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

U.S. Trustee
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Dated: **July 20, 2022**

___/S/_____
Michael R. Rethinger