# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>Kamran Liaquat Kurani,<br><br>            Debtor. | Chapter 7<br><br>Case No. 22-50579-PWB |

## PROOF OF SERVICE OF SUBPOENA

On July 13, 2022, counsel for Ascentium Capital LLC ("Ascentium") issued a Subpoena for Rule 2004 Examination to Adrian Szakallas (the "Subpoena"), as authorized by the Court's Order Authorizing Bankruptcy Rule 2004 Examination of Adrian Szakallas [Doc. 20]. A true and correct copy of the Subpoena is attached as **Exhibit 1** hereto. On July 14, 2022, counsel for Ascentium engaged Phipp's Reporting as its process server for the Subpoena, on August 3, 2022, Phipp's Reported effected service of the Subpoena on Adrian Szakallas. A true and correct copy of the Return of Service for the Subpoena is attached as **Exhibit 2** hereto.

Submitted by:

*/s/ Tim Colletti*
Tim Colletti
Georgia Bar No. 972791
tcolletti@bakerdonelson.com
Kevin A. Stine
Georgia Bar No. 682588
kstine@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Suite 1500, Monarch Plaza
3414 Peachtree Road, N.E.
Atlanta, Georgia 30326
Tel: (404) 477-6000
Fax: (404) 221-6501

*Counsel for Ascentium Capital LLC*

# Exhibit 1

# UNITED STATES BANKRUPTCY COURT

_____ NORTHERN _____ District of _____ GEORGIA _____

In re __KAMRAN LIAQUAT KURANI_____    Case No. ___22-50579-PWB_____
            Debtor

                                                                             Chapter ___7_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  __ADRIAN SZAKALLAS_____
                                                   *(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, 200 South Orange Avenue, Suite 2900, Orlando, FL 32801, phone: 407.422.6600 | August 17, 2022, 10:00 AM (EST) |

The examination will be recorded by this method:  stenographic means before an officer duly authorized to administer oaths, and Plaintiff reserves the right to record the deposition by sound or sound and visual means

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  See Exhibit A, attached hereto
  **Please note - documents are to be produced on or before 10:00 a.m., August 3, 2022, in advance of the the deposition.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _07/13/2022___

            CLERK OF COURT

                                                            OR

     _____          __/s/ Kevin A. Stine_____
     *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _Ascentium Capital LLC_____ , who issues or requests this subpoena, are:

Kevin A. Stine, Esq., 3414 Peachtree Road NE, Suite 1500, Atlanta, GA 30326 / kstine@bakerdonelson.com / (404)577-6000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case No. 22-50579-PWB
Chapter 7

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

# ATTACHMENT TO SUBPOENA FOR RULE 2004 EXAMINATION

### Definitions

*"Documents"* refers to any original or copy (whether carbon, photographic, electronic, or digital) in your possession, custody, or control of any agreements, contracts, applications, bank records or statements, checks, communications (internal or external), internet postings or messages on social media, memoranda or minutes of meetings or conversations (personal or telephonic), reports, summaries, notes, legal documents, recordings, audiotapes, video tapes, electronic recordings, and writings of every description.

*"Communications"* refers to any and all written, electronic, and digital communications including, without limitation, written correspondence, e-mails, text messages, WhatsApp messages, Facebook messages, Snap Chat messages, Signal messages, Instagram messages, Twitter messages, and/or messages using any other digital communication platform.

*"Relate to"* and *"relating to"* means, without limitation, in any way constituting, mentioning, referring to, describing, summarizing, evidencing, listing, indicating, relevant to, demonstrating, tending to prove or disprove, containing, reflecting, concerning, relating to, analyzing, explaining, or in any way logically or factually connected with the matter discussed.

"*Kurani*" means Kamran Liaquat Kurani.

"*Bankruptcy Case*" means Case No. 22-50579-pwb in the U.S. Bankruptcy Court for the Northern District of Georgia, filed by Kurani on or around January 21, 2022.

### Documents to Produce

- Produce all communications and other documents that evidence, discuss, establish, or refer to any money claim you hold against Kurani, including (but not limited to) the general unsecured claim of $292,744.04 identified in Kurani's *Schedule E/F: Creditors Who Have Unsecured Claims*. This request includes, without limitation, canceled checks, credit card receipts, promissory notes, and any other documents that reflect you made one or more loans to Kurani.

- Produce all of your communications with Kurani from the period of January 1, 2021, through the present. This request includes, without limitation, texts and email messages.

- Produce all of Bmark Consulting LLC's communications with Kurani from the period of January 1, 2021, through the present. This request includes, without limitation, texts and email messages.

- Produce complete copies of any W-2s, 1099s, Schedule K-1s, and other tax reporting documents prepared for or submitted to Kurani in connection with any current or previous employment with or membership interest in Bmark Consulting LLC.

- Produce all communications and other documents relating to any employment agreement or any other contract between Bmark Consulting LLC and Kurani.

- Produce all communications and other documents relating to any compensation, (including salary, bonuses, gifts, gratuities, or fringe benefits of whatever kind or nature) paid to Kurani by Bmark Consulting LLC.

- Produce the operating agreement (including any amendments thereto) for Bmark Consulting LLC.

- Produce all communications and other documents that evidence, discuss, establish, or refer to any property, accounts, or debts that are jointly owned, held, and/or owed by you and Kurani.

- Produce all documents and communications that refer or relate to Kurani's monthly living expenses and payment of such expenses since January 1, 2021.  This request includes, without limitation, utility bills and payments, phone bills and payments, rent and mortgage payments, restaurant and other food purchases, and car, taxi, and public transit payments.

- Produce all photographs of Kurani in a geographic location other than Atlanta, Georgia since January 1, 2021.

# Exhibit 2

# RETURN OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## Nothern District of Georgia

Case Number: 22-50579-PWB

**KAMRAN LIAQUAT KURANI**

**Debtor**

For:
Kevin A. Stine, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
3414 Peachtree Road NE
Suite 1500
Atlanta, GA 30326


PHR2022006847

Received by PHIPP'S REPORTING on the 14th day of July, 2022 at 3:51 pm to be served on **Adrian Szakallas, 3400 Ocean Shore Blvd., Apt 4 or Unit 4, Ormond Beach, FL 32176**.

I, C. Grady Legette, do hereby affirm that on the **1st day of August, 2022** at **7:10 am, I:**

**INDIVIDUALLY/PERSONALLY:** Served by delivering a true copy of the **Subpoena for Rule 2004 Examination and I tendered a witness fee check in the amount of $134.00** with the date and hour of service endorsed thereon by me, to: **Adrian Szakallas** at the address of: **3400 Ocean Shore Blvd., Apt 4 or Unit 4, Ormond Beach, FL 32176**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
8/1/2022  7:23 am  Attempted service at 3400 Ocean Shore Blvd., Apt 4 or Unit 4, Ormond Beach, FL 32176,
A lady and her Chihuahua come walking out as I was sitting in my vehicle speaking with a neighbor, I knew it was Adrian, I had a picture of her, she walked over to the grass as the dog was going potty I got out of my vehicle the dog finished, she started walking back to her Condo I said good morning Adrian she said I'm not Adrian, I said my name is Grady I'm a certified Process Server I have a subpoena for you she continue to walk towards her Condo, she said I don't know, who are you? I identified myself again and told her I had a subpoena for her, she said I am not Adrian, I said do you have any ID to show me you're not and she no. As she was going in the Condo I told her she was being served at this time. She would not accept it so I left a copy with a check attached to the back at the front door

**Description** of Person Served: Age: 30+, Sex: F, Race/Skin Color: -, Height: 5' 4, Weight: 140, Hair: Dark Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

_C. Legette_
C. Grady Legette
CPS #487, #0112

PHIPP'S REPORTING
20 North Orange Avenue
Suite 700
Orlando, FL 32801
(407) 635-8477

Our Job Serial Number: PHR-2022006847

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i

# UNITED STATES BANKRUPTCY COURT

NORTHERN District of GEORGIA

In re __KAMRAN LIAQUAT KURANI__
   Debtor

Case No. __22-50579-PWB__

Chapter __7__

*[handwritten: S/1/22 7·1C PM C. X Hust]*

## SUBPOENA FOR RULE 2004 EXAMINATION

To: __ADRIAN SZAKALLAS__
   *(Name of person to whom the subpoena is directed)*

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, 200 South Orange Avenue, Suite 2900, Orlando, FL 32801, phone: 407.422.6600 | August 17, 2022, 10:00 AM (EST) |

The examination will be recorded by this method: stenographic means before an officer duly authorized to administer oaths, and Plaintiff reserves the right to record the deposition by sound or sound and visual means

[X] *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Exhibit A, attached hereto
**Please note - documents are to be produced on or before 10:00 a.m., August 3, 2022, in advance of the the deposition.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __07/13/2022__

CLERK OF COURT

OR

_____        /s/ Kevin A. Stine
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__Ascentium Capital LLC__, who issues or requests this subpoena, are:

Kevin A. Stine, Esq., 3414 Peachtree Road NE, Suite 1500, Atlanta, GA 30326 / kstine@bakerdonelson.com / (404)577-6000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

