**IT IS ORDERED as set forth below:**

**Date: March 30, 2023**

_____
**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| IN RE: | |
|---|---|
| KAMRAN LIAQUAT KURANI, | CASE NO. 22-50579-PWB |
| Debtor. | |
| | CHAPTER 7 |

**ORDER AUTHORIZING AND DIRECTING MEDIATION
OF DISPUTES AMONG PARTIES**

Ascentium Capital, LLC, and Kamran Liaquat Kurani ("the parties") have requested that they be authorized to participate in mediation with regard to the issues in this case. It appears that the most productive form of mediation is to designate a current bankruptcy judge with no assignment or responsibility for these proceedings as a settlement judge to serve as a

neutral mediator and that Bankruptcy Judge Jeffery Cavender of this Court is qualified and suitable to serve in that capacity. For good cause shown, it is hereby ORDERED as follows:

1. The parties to this proceeding shall mediate the issues and disputes presented in these proceedings. Bankruptcy Judge Jeffery Cavender is hereby designated as a settlement judge with regard to this matter for the purpose of conducting mediation proceedings as the neutral mediator. Such mediation shall be conducted at a time and place and in accordance with procedures mutually agreed upon by the parties and Judge Cavender.

2. Because Judge Cavender will be serving as the neutral mediator in this matter and because the nature of the mediation process requires ex parte contacts and communications between the neutral mediator and each of the sides, the prohibitions of FED. R. BANKR. P. 9003 do not apply to communications among the parties, their attorneys, and Judge Cavender in connection with the mediation proceedings. The parties and their attorneys may, therefore, have ex parte communications with Judge Cavender in his capacity as the neutral mediator in connection with the mediation proceedings.

3. All communications made by the parties or their attorneys to each other or to Judge Cavender in connection with the mediation process, the conduct and demeanor of the parties and their counsel during the mediation, and any documents prepared or produced in connection with the mediation process, including Judge Cavender's notes or records, shall be confidential and shall not be admissible in evidence or the subject of any discovery in any proceeding (unless admissible or discoverable without regard to the mediation). The mediation sessions and any conferences or proceedings in connection therewith shall be treated as compromise negotiations for purposes of the Federal Rules of Evidence, the Georgia Rules of Evidence, or any rules of evidence of any other jurisdiction. No record will

be made of the mediation proceedings.  Judge Cavender is disqualified from appearing as a witness in any matter, and shall not be called as a witness with regard to the mediation or any matter arising out of or related thereto.

End of Order

Distribution List

Michael R. Rethinger
Law Offices of Michael R. Rethinger, LLC
1028 Edgewood Avenue NE
Atlanta, GA 30307

Timothy J. Colletti
Baker, Donelson, Bearman, et al
1600 Monarch Plaza
3414 Peachtree Road, NE
Atlanta, GA 30326

Kevin A. Stine
Baker Donelson
Monarch Plaza, Suite 1600
3414 Peachtree Road, N.E.
Atlanta, GA 30326